THE PEOPLE ex rel. THE MUNICIPAL GAS COMPANY of the City of Albany, Appellant, *v.* FRANK RICE, as Secretary of State, etc., Respondent.

The words "and" and "or" when used in a statute are convertible as the sense may require.

Under the provisions of the Corporation Act of 1890 (§ 60, chap. 566, Laws of 1890) authorizing the formation of corporations "for manufacturing and supplying gas for lighting * * * *or* for manufacturing electricity for producing light, heat or power," a corporation is not limited to one of the purposes stated, but both may be combined in the same certificate.

While the said act was intended as a revision of existing laws, the laws so revised were amended, and it was the legislative intent, in adopting so much of the revision as relates to gas and electric companies, not to curtail the powers and purposes of such corporations, but to permit them to amend their certificates in such a way as to authorize them to enlarge their purposes and objects and to exercise powers beyond the limit within which they were before restricted.

152          People ex rel. M. G. Co. v. Rice.          [April,

Statement of case.          [Vol. 138.

Accordingly *held*, that a gas company organized under the act of 1848 (Chap. 37, Laws of 1848) and which under the acts of 1879 (Chap. 512, Laws of 1879) and 1882 (Chap. 73, Laws of 1882) was authorized to use electricity for heating purposes, was entitled to amend its certificate so as to enable it to manufacture and use electricity for producing light, heat and power, under the provisions of the "Stock Corporation Law" of 1892 (§ 32, chap. 688, Laws of 1892) authorizing any stock corporation theretofore organized to amend its certificate and extend or alter its business and powers, so as to include any purpose or powers which at the time of such extension might properly be included in the certificate for the formation of a corporation of the same general character under any general law.

One of the additional powers which the relator sought to acquire by the amended certificate was to exchange its stock for that of an electric light company. *Held*, that while this was in effect the merging of the business and franchise of the two companies, it might be done by an amendment to the certificate, and the corporation was not compelled to resort to the provisions of the general law (Subd. 3, § 61, chap. 566, Laws of 1890; § 8, chap. 691, Laws of 1892) providing for consolidation.

Also *held*, that upon refusal of the secretary of state to file the amended certificate, that said corporation was entitled to a peremptory writ of mandamus compelling such filing.

(Argued April 10, 1893; decided April 18, 1893.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 14, 1893, which affirmed an order of Special Term which denied a motion for a peremptory mandamus commanding the secretary of state to file in his office a certificate authorizing the extension of the objects of incorporation of the Municipal Gas Company of the city of Albany, and the acquiring of the stock of the Albany Electric Illuminating Company.

The facts, so far as material, are stated in the opinion.

*Marcus T. Hun* for appellant. The statute authorized the extension of power sought for by the Municipal Gas Co. (Laws of 1892, chap. 688, § 32.) The words "business of the same general character" comprehend in the case of a gas company purposes or powers of electric lighting. (Laws of 1892, chap. 688, §§ 31, 32.) The "purposes or powers" which may

1893.]        People ex rel. M. G. Co. v. Rice.        **153**

N. Y. Rep.]                Statement of case.

be included in a certificate of incorporation for "a business of the same general character" comprehend lighting by both gas and electricity. (Laws of 1892, chap. 688, § 32.)    The use of the word "or" instead of the word "and" in section 60 of article 6 of chapter 566 of Laws of 1890, does not necessarily determine the legislative intention. (*Jackson* v. *Blanchan*, 6 Johns. 54, 57; *Van Vechten* v. *Pearson*, 5 Paige, 512; *Hawn* v. *Banks*, 4 Edw. Ch. 691; *Grimm* v. *Dyar*, 3 Duer, 354; *Rome* v. *Phillips*, 24 N. Y. 463, 469; *Scott* v. *Guernsey*, 48 id. 106, 121, 122.)    An examination of the statutes passed *in pari materia* makes manifest the legislative intention. (Laws of 1890, chap. 566.)    The express statutory right to give both of these powers to a corporation created by the consolidation of two other corporations is inconsistent with an intention to deny such powers to a corporation in its original creation. (Laws of 1890, chap. 566, § 60; *People* v. *N. Y. C. & S. L. R. R. Co.*, 129 N. Y. 474; Laws of 1892, chap. 691, § 8.)    The right of one corporation to purchase and carry on the business of another corporation by the election of its own directors to manage the affairs of the latter, indicates a legislative policy favorable to the union of the powers and purposes of both corporations in one. (Laws of 1890, chap. 566, § 61.)    In a compilation of existing statutes the presumption is that there is no intention to change the existing law, unless the contrary clearly appears. (*S. R. T. Co.* v. *Mayer*, 128 N. Y. 570; *People* v. *Lacombe*, 99 id. 49; *People* v. *Charbineau*, 115 id. 433; *People* v. *Lambier*, 5 Den. 15; *People* v. *Schoonmaker*, 53 Barb. 44.)

*John W. Hogan, Deputy Attorney-General*, for respondent. It was the duty of the secretary of state to examine the certificates presented by the relator, and if not satisfied that the right to have the same filed was free from doubt, to refuse to file the same. (*People ex rel.* v. *Nelson*, 46 N. Y. 477.)    A corporation could not have been formed under the Gas Light Act of 1848 for the purposes for which electric light companies were formed, viz., to produce heat or power.    Neither

could a gas light company be formed under the Manufacturing Act. (*People* v. *Gunn,* 96 N. Y. 317; *People ex rel.* v. *Dash,* 125 id. 93; 3 R. S. [8th ed.] 1723, § 3; *Young* v. *R. & K. G. L. Co.,* 129 N. Y. 60.) The statute of 1890, chapter 566, did not change the law which required the two classes of corporations to be separately organized. (Cooley's Const. Lim. [6th ed.] 487.) Counsel for relator argued below that the word " or " in section 60, Laws of 1890, should be read " and." We submit that such a construction of the statute is in conflict with the construction placed upon the same by the legislature, and is unwarranted from any standpoint. (Laws of 1890, chap. 565, § 2; Id. chap. 566; *McCuskey* v. *Henderson,* 128 N. Y. 555.) The provisions of the Stock Corporation Law, chapter 688, Laws of 1892, do not authorize the relator to extend its powers for the purpose of manufacturing electricity or light, heat and power. (Laws of 1892, chap. 680; *People* v. *N. R. S. R. Co.,* 121 N. Y. 623.)

O'BRIEN, J. The relator took proceedings to enlarge and extend its corporate powers and business so as to enable it to manufacture and use electricity for producing light, heat and power. It is conceded that the proceedings were regular if power exists for the accomplishment of that object in the manner attempted. An amended certificate embodying the powers and objects sought to be attained was presented to the secretary of state who declined to file the same. The application was then made for a peremptory writ of mandamus requiring the secretary to file the certificate, from the order denying which this appeal was taken. The relator was incorporated as a gas company under chapter 37 of the Laws of 1848, and its business originally was confined to the manufacture of gas. The corporation was subsequently authorized by chapter 512 of the Laws of 1879, and chapter 73 of the Laws of 1882, to use electricity for illuminating purposes, and by the same statute, a corporation formed for the purpose of producing electricity for light, heat and power, was authorized to use it for lighting streets, parks, dwellings, etc., and to make, use,

lease or sell apparatus for generating, and to lay and use suitable conductors for the same. So that since the enactment of these statutes a gas company has power to use electricity for illuminating purposes.

Chapter 688 of the Laws of 1892 (§ 32) authorizes any stock corporation, theretofore or thereafter organized under any general or special law, to amend its certificate and extend or alter its business and powers in two cases : (1) The purpose and powers of such corporation may be so enlarged or extended, as to include any purpose and powers which, at the time of such extension, had been conferred by law upon corporations engaged in a business of the same general character. (2) They can also be enlarged or extended to embrace any purposes or powers which might properly be included in the certificate for the formation of a corporation of the same general character. under any general law. When the amended certificate was presented to the secretary of state section 60 of art. 6, chapter 566, of the Laws of 1890 was in force, which provides for the formation of corporations for manufacturing and supplying gas, and also for the manufacture and use of electricity for producing light, heat or power. If under that section either or both the objects may properly be included in the certificate for the formation of the corporations therein mentioned, then there was a general law authorizing the creation of corporations possessing all the powers that the relator sought to acquire, and the certificate should have been filed. The material parts of the section of the statute last referred to read as follows :

" Three or more persons may become a corporation for manufacturing and supplying gas for lighting the streets and public and private buildings of any city, village or town, etc., or for manufacturing electricity for producing light, heat or power; and in lighting the streets, avenues, public parks and places and public and private buildings of cities," etc.

The learned attorney-general insists that the objects and purposes of the corporations to be formed under this section are so separated by the disjunctive " *or*," that the certificate can-

not combine all the powers or purposes therein specified. That a gas company must still be organized as before, and so with a company for producing electricity for light, heat or power. They must still be organized for one purpose or the other, and both purposes cannot be combined in the same certificate, and this construction, he claims, is supported by the explanatory words of section 162, chapter 566 of the Laws of 1890, which reads as follows :

" The provisions of this chapter, so far as they are substantially the same as those of laws existing on April 30, 1891, shall be construed as a continuation of such laws, modified or amended according to the language employed in this chapter, and not as new enactments; and references in laws not repealed to provisions of laws incorporated into this chapter and repealed shall be construed as applying to the provisions so incorporated, and nothing in this chapter shall be construed to amend or repeal any provisions of the Criminal or Penal Code."

The chapter to which reference is here made was no doubt intended as a revision of pre-existing laws. But this section indicates that something more was also intended. The laws so revised were modified or amended according to the language employed. It is quite plain when all the provisions of the chapter relating to gas and electric companies are considered, that the legislature, in adopting the revision, intended to permit such corporations to amend the certificate in such a way as to authorize them to exercise powers and to enlarge the purposes and objects of the corporation beyond the limit within which they were restricted before.

The words " and " and " or," when used in a statute, are convertible as the sense may require. The substitution of the one for the other is frequently resorted to in the interpretation of statutes when the evident intention of the lawmakers requires it. (Sedgwick on Stat. & Con. Law [2d ed.], Pomeroy's note, 371; Hardcastle's Con., etc., of Stat. Law, appendix, 575, and cases cited; Wilberforce Statute Law, 130.)

We think that the legislature, in enacting section sixty of

art. six of chapter 566 of the Laws of 1890, intended to authorize the creation of corporations empowered to exercise one or more of the powers and for one or more of the purposes or objects therein specified. The certificate to be filed may now include all the purposes or powers specified in the section, and thus both the powers of a gas company and an electric light company, as they existed and might be exercised before the revision of the statute, may now be combined in one corporation, and expressed in one certificate. This conclusion is strengthened by other considerations. We have seen that prior to the revision of the statutes, a gas company could exercise the powers of an electric light company, at least so far as to manufacture and use electricity for illuminating purposes, but if the contention of the learned attorney-general be correct that privilege has been eliminated from the law as it now exists, as there is no way that a corporation, created as a gas company, can exercise such a power except by substituting the word " and " for the word " or " in the statute. It must be manifest that the legislature in passing the revision did not intend to curtail the powers or privileges of such corporations, and a construction of the statute which would lead to such a result should be avoided. One of the additional powers which the relator seeks to acquire by the amended certificate is to exchange its stock for that of an electric light company named. In other words, it was sought to merge the franchises and business of the two companies into one. By chapter 691 of the Laws of 1892 (§ 8) any two or more corporations organized under the laws of this state for the purpose of carrying on any kind of business of the same or of a similar nature which a corporation organized under that chapter might carry on, may consolidate into a single corporation as therein provided. (Laws 1890, chap. 566, § 61, sub. 3.) It is conceded that the relator may obtain the desired franchise in that way under a general law of the state, and while this consideration might not be deemed controlling in all cases of this kind, we see no reason in this case for giving the statute authorizing this class of corporations to be organized

a construction that would deny to them the power to acquire by an original or amended certificate what it is admitted that they may obtain by consolidation. The business of a gas company and that of an electric light company is of the same general character within the meaning of the statute, and we think that it was the intention to permit the one to exercise the powers of the other whenever it was desired, by so stating in the certificate; or in the case of an old corporation by filing an amended certificate. For these reasons we think the relator was entitled to have the amended certificate filed.

The order appealed from should be reversed, and the application granted.

All concur, EARL, J., in result.

Ordered accordingly.