In the Matter of the Petition of THE HORACE KEANE AERO-PLANES, INC., Respondent, to Amend Its Certificate of Incorporation.

THE ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant.

First Department, December 3, 1920.

Corporations — amendment of certificate of incorporation to eliminate provision as to stock dividends and to extend business — right to proceed under section 7 of General Corporation Law — Stock Corporation Law, section 18, affords full remedy.

The amendment of a certificate of incorporation by the elimination therefrom of a clause relating to preferred stock dividends cannot be secured by a proceeding instituted under section 7 of the General Corporation Law which provides that "The Supreme Court may, * * * amend any certificate of incorporation which fails to express the true object and purpose of the corporation, so as to truly set forth such object and purpose."

The words "object and purpose" in said section relate only to the character and nature of the business of the corporation, which must be set forth in the certificate, and not to other provisions therein which deal with the regulation of the business and the conduct of the affairs of the corporation and which need not, but may, be stated in the certificate.

The portion of section 7 of the General Corporation Law under which the proceeding was instituted was designed to cover amendments due to errors in phraseology or language which failed clearly and accurately to express the true object and purpose of the corporation which the incorporators had in mind and not to permit amendments which are the result of afterthought.

The amendment to the petitioner's certificate of incorporation by the addition therein of certain business undertakings not mentioned in the original certificate, while it relates to an "object and purpose," should not have been allowed since the petition fails to state facts and circumstances from

which the court might determine whether the amendment is sought because the original certificate omitted " to express the true object and purpose of the corporation " or whether it was only an afterthought.

Moreover, section 18 of the Stock Corporation Law, dealing with alterations of the certificate of a corporation and also with the extensions of its business objects, affords the petitioner the full measure of relief desired, and an amendment should not be sought under the General Corporation Law where some other act specifically provides for the relief desired.

APPEAL by the Attorney-General of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of September, 1920, granting an amendment *nunc pro tunc* of a certificate of incorporation of The Horace Keane Aeroplanes, Inc., a stock corporation.

*Charles P. Robinson, Deputy Attorney-General*, of counsel [*Charles D. Newton, Attorney-General*], for the appellant.

*Daniel F. Nugent* of counsel [*Nugent & Nugent*, attorneys], for the respondent.

GREENBAUM, J.:

The facts are undisputed and, briefly stated, are as follows:

The original certificate of incorporation of this company was recorded in the office of the Secretary of State on May 21, 1920, and filed in the office of the clerk of New York county on May 24, 1920. The certificate for amending the articles of incorporation is dated June 12, 1920, about three weeks after the original filing in New York county. In its petition the plaintiff alleges that the original certificate of incorporation " fails to express the true object and purpose of the corporation, so as to truly set forth such object and purpose," and that it was the intention and purpose of the incorporators to set forth the true object and purpose of said corporation as shown by the proposed amended certificate of incorporation.

The application was accompanied by an annexed authorization, consent and request duly signed and acknowledged by all of the stockholders of the corporation. The amendments were of two kinds, *first*, the inclusion of the following corporate purposes: " To employ aircraft for advertising purposes, in the air and on the ground, by day and by night. To act as

advertising agents for concerns desiring to employ aircraft for advertising purposes in the air and on the ground. To engage in the business of engravers, electrotypers, photographers, photographic printers, stereotypers, lithographers, and any other business or manufacture incidental to the same or connected therewith."

The second amendment provided for the exclusion of one of the subdivisions of the " third " paragraph of the original certificate, as follows: " The preferred stock shall be entitled in addition to participate with the common stock equally in any excess of the profits after eight dollars ($8.00) a share shall have been paid or set apart for payment upon the common stock. Such excess dividends shall not be offset against any subsequent deficit in dividends upon the preferred stock thereafter, as all dividends shall be made the same as if such excess dividends had not been made." In other words, the amendment of the certificate contemplated the addition therein of certain business undertakings not mentioned in the original certificate, and the elimination therefrom of the clause just quoted relating to preferred stock dividends. It is the contention of the Attorney-General that the amendments are not within the purview of section 7 of the General Corporation Law, but of section 18 of the Stock Corporation Law and section 61 of the Stock Corporation Law. It thus becomes necessary to examine these various provisions.

Section 7 of the General Corporation Law reads as follows: " If in the original or amended certificate of incorporation of any corporation, or if in a supplemental certificate of any corporation any informality exist, or if any such certificate contain any matter not authorized by law to be stated therein, or if the proof or acknowledgment thereof shall be defective, the corporators or directors of the corporation may make and file an amended certificate correcting such informality or defect or striking out such unauthorized matter; and the certificate amended shall be deemed to be amended accordingly as of the date such amended certificate was filed, and upon the filing of such an amended certificate of incorporation, the corporation shall then for all purposes be deemed to be a corporation from the time of filing the original certificate.

" The Supreme Court may, upon due cause shown, and proof

made, and upon notice to the Attorney-General, and to such other persons as the court may direct, and upon such terms and conditions as it may impose, amend any certificate of incorporation which fails to express the true object and purpose of the corporation, so as to truly set forth such object and purpose.

" When an amended or supplemental certificate is filed, an entry shall be made upon the margin of the index and record of the original certificate of the date and place of record of every such amended certificate.

" The amendment of a certificate under this section shall be without prejudice to any pending action or proceeding, or to any rights previously accrued."

It will be noted that the 1st paragraph of that section confers upon the incorporators themselves, without notice to any one and without application to the court, the right to file an amended certificate for the purpose of correcting any informality or defect which may exist in the original or amended or supplemental certificate and striking out any matter therein contained which is unauthorized by law.

The remaining portions of the section do not relate to any informality or defect in the original certificate of incorporation nor to any matter unauthorized by law, but to an entirely different situation, and confers upon the Supreme Court the broad power to amend any certificate of incorporation " which fails to express the true object and purpose of the corporation, so as to truly set forth such object and purpose."

Section 18 of the Stock Corporation Law is as follows: " Alterations or extension of business. Any stock corporation heretofore or hereafter organized under any general or special law of this State may alter its certificate of incorporation so as to include therein any purposes, powers or provisions which at the time of such alteration may apply to corporations engaged in a business of the same general character, or which might be included in the certificate of incorporation of a corporation organized under any general law of this State for a business of the same general character, by filing in the manner provided for the original certificate of incorporation an amended certificate, executed by the president and secretary, stating the alteration proposed, and that the same has been

duly authorized by a vote of a majority of the directors and also by vote of stockholders representing at least three-fifths of the capital stock, at a meeting of the stockholders called for the purpose in the manner provided in section sixty-three of this chapter, and a copy of the proceedings of such meeting, verified by the affidavit of one of the directors present thereat, shall be filed with such amended certificate."

Section 61 of the Stock Corporation Law (as amd. by Laws of 1920, chap. 609) reads as follows:

§ 61. Preferred and common stock. Every domestic stock corporation may issue preferred stock and common stock and different classes of preferred stock, if the certificate of incorporation so provides, or

" 1. By the unanimous consent of the stockholders expressed in writing and filed in the office of the Secretary of State and in the office of the clerk of the county in which the principal business office of the corporation is located, or

" 2. By the consent of the holders of record of two-thirds of the capital stock, given at a meeting called for that purpose upon notice such as is required for the annual meeting of the corporation. A certificate of the proceedings of such meeting, signed and sworn to by the president or a vice-president, and by the secretary or assistant secretary, of the corporation, shall be filed and recorded in the offices where the original certificate of incorporation of such corporation was filed and recorded; and the corporation may, upon the written request of the holders of any preferred stock, by a two-thirds vote of its directors, exchange the same for common stock, and issue certificates for common stock therefor, upon such valuation as may have been agreed upon in the certificate of organization of such corporation, or the issue of such preferred stock, or share for share, but the total amount of such capital stock shall not be increased thereby.

" This section shall apply to any domestic stock corporation whether organized under a general or special law, and any such corporation may issue preferred stock and common stock as herein provided notwithstanding provisions relating to the issuance of stock now prescribed by any other law."

Section 61 seems to be wholly inapplicable to the facts before us. The original certificate classified the stock as

" preferred " and " common " and the amendment thereof does not undertake to provide for " different classes of preferred stock," but merely to eliminate a provision affecting dividends on the preferred stock.

The discussion is thus narrowed to a study of section 7 of the General Corporation Law and section 18 of the Stock Corporation Law. Section 7 so far as it concerns those portions thereof which confer the power of amending a certificate of incorporation upon the Supreme Court is limited to a case where the certificate " fails to express the true object and purpose of the corporation," etc. The words " object and purpose " obviously relate only to the character and nature of the business of the corporation, which must be set forth in the certificate and not to such other provisions therein which deal with " the regulation of the business and the conduct of the affairs of the corporation " and which need not but may be stated in the certificate. (Gen. Corp. Law, § 10.) Reading the entire section it is quite evident too that the portion thereof with which we are now concerned was designed to cover amendments due to errors in phraseology or language which failed clearly and accurately to express the true object and purpose of the corporation which the incorporators had in mind and not to permit amendments which are the result of afterthought.

It thus is clear that the amendment permitted by the order of the Special Term so far as it in effect strikes out the provision relating to dividends on preferred stock was not within the purview of that part of section 7 of the General Corporation Law in which the Supreme Court may be invoked, since it does not relate to a matter which concerns the " object and purpose " of the corporation.

The other amendment which allowed the addition of other business operations to those originally enumerated, unquestionably relates to an " object and purpose " of the corporation, but in the matter before us it seems to us that the petitioner was not entitled to the order appealed from for two reasons: *First*, the petition fails to state facts and circumstances from which the court might determine whether the amendment is sought because the original certificate omitted " to express the true object and purpose of the corporation " or whether

it was only an afterthought. It is difficult to understand in the absence of convincing explanation how it could inadvertently have happened that additional business undertakings should have been omitted and that the clause pertaining to dividends should have been written in the original certificate.

*Secondly*, McKinney's Consolidated Laws contains a note under section 7 of the General Corporation Law, which seems correctly to state that where some other act *specifically* provides for the relief desired a corporation should resort thereto instead of seeking to accomplish the same end by the amendment of its certificate under the general provisions of the General Corporation Law.

In White on Corporations (8th ed. p. 27) the learned author also refers to the meaning and effect of section 7 of the General Corporation Law as follows: " Where the certificate of incorporation states the corporate objects to be the purchase and sale and general dealing in real and personal property, an application to amend the certificate pursuant to the above section by adding to the objects the carrying on of a ' general ' moving, trucking and storage warehouse business,' must be denied as not within the purview of this section which applies where the failure in stating the true objects arises from faulty terminology or phraseology in the certificate. The application should be made under Stock Corporation Law, section 18. *Matter of Sproessig Storage Warehouse Co.*, N. Y. County, Special Term, GREENBAUM, J., N. Y. Law Journal, November 13th, 1912."

Section 18 of the Stock Corporation Law seems to me to afford the petitioner the full measure of relief desired. That section deals with alterations of the certificate of a corporation and also with extension of its business objects. It does not limit the amendment to a change in the " purposes " of the corporation, but embraces amendments affecting " powers or provisions," to which it would be entitled under any general law of this State for a business of the same general character.

In *Bond* v. *Atlantic Terra Cotta Company* (137 App. Div. 671, 675) this court construing section 18 said: It " would doubtless authorize the amendment of the original certificate so as to provide for the classification of the directors as was provided in the by-laws and as might have been provided in

the original certificate of incorporation." If it would permit an amendment for the classification of directors, it assuredly is broad enough to allow an amendment in respect of preferred stock dividends.

In *People ex rel. Municipal Gas Co.* v. *Rice* (138 N. Y. 151), in construing a corresponding provision in Laws of 1892, chapter 688, section 32, being the former Stock Corporation Law (Gen. Laws, chap. 36), it was said: " (1) The purpose and powers of such corporation may be so enlarged or extended, as to include any purpose and powers which, at the time of such extension, had been conferred by law upon corporations engaged in a business of the same general character. (2) They can also be enlarged or extended to embrace any purposes or powers which might properly be included in the certificate for the formation of a corporation of the same general character under any general law." It follows that the procedure adopted by the petitioner was unauthorized and that it may obtain a full measure of relief under section 18 of the Stock Corporation Law.

The order must be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.