258 S.W.2d 607 (1953)
HURLEY
v.
EIDSON.
No. 43716.
Supreme Court of Missouri, en Banc.
June 8, 1953.
Clayton W. Allen, Rockport, for petitioner.
John M. Dalton, Atty. Gen., Samuel M. Watson, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
Habeas Corpus: Petitioner was convicted in the circuit court of Atchison County, Missouri, of feloniously operating a motor vehicle while in an intoxicated condition, and his punishment fixed at three years' imprisonment in the state penitentiary. This court affirmed that judgment and our opinion is reported in 251 S.W.2d 617.
Petitioner contends that he is illegally restrained of his liberty because under Section 564.460 RSMo 1949, V.A.M.S., he must have been convicted not only of operating a motor vehicle while in an intoxicated condition, Section 564.440 RSMo 1949, V.A.M.S., but also must have been convicted of leaving the scene of an accident, Section 564.450 RSMo 1949, V.A. M.S.
Section 564.460, supra, reads:
"Any person who violates the provisions of sections 564.440 and 564.450 shall be deemed guilty of a felony and on conviction *608 thereof shall be punished by imprisonment in the penitentiary for a term not exceeding five years or by confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment."
Section 564.440, supra, reads:
"No person shall operate a motor vehicle while in an intoxicated condition, or when under the influence of drugs."
Section 564.450, supra, reads:
"No person operating or driving a vehicle on the highway knowing that an injury has been caused to a person or damage has been caused to property, due to the culpability of said operator or driver, or to accident, shall leave the place of said injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer."
These sections were originally enacted at the extra session of 1921 of the legislature and are found at pages 103 and 105 of Laws of Missouri 1921, Extra Session. Section 564.440, supra, was sub-section (g) and section 564.450 was sub-section (f) of section 27 of the Laws of 1921. These sub-sections have been carried forward in the subsequent revisions in the identical language as originally enacted.
Section 564.460 which prescribed the penalty for violation of the above named sections was originally subsection (c) of section 29 of the Laws of 1921, Extra Session, page 105. It reads:
"Any person who violates * * * paragraphs (f) or (g) of section 27 shall be deemed guilty of a felony and on conviction thereof shall be punished by imprisonment in the penitentiary for a term not exceeding five years or by confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars ($100.00) or by both such fine and imprisonment."
The above quoted section was carried through the 1939 revision without change. It is to be noted that that section is in the disjunctive and provides that "Any person who violates * * * paragraphs (f) [leaving the scene of a motor vehicle accident] or (g) [driving in an intoxicated condition] of section 27 shall be deemed guilty of a felony * * *," while section 564.460 provides that "Any person who violates the provisions of sections 564.440 [driving in an intoxicated condition] and 564.450 [leaving the scene of a motor vehicle accident] shall be deemed guilty of a felony * * *." This section is in the conjunctive. Literally interpreted, it requires a person to violate both sections 564.440 and 564.450 before he can be punished. In other words, before a person can be punished for a felony, he must be guilty of leaving the scene of an accident and also be guilty of driving a motor vehicle in an intoxicated condition, though prior to the enactment of section 564.460 a person was guilty of a felony if he drove a motorcar in an intoxicated condition. He was also guilty of a felony if he left the scene of an accident without complying with section 564.450.
Did the legislature intend that a person must violate both sections 564.440 and 564.450 at the same time when it enacted section 564.460?
"The word `or' in statutes or documents is frequently interpreted to mean `and,' and this interpretation is given to it whenever required to carry out the plain purpose of the act or contract, and when to adopt the literal meaning would defeat the purpose or lead to an absurd result. 2 Sutherland, Stat.Const. § 397; Black, Interp.Laws, p. 228. Some courts have gone so far as to say the words `and' and `or' are interchangeable as the sense may require. (People [ex rel. Municipal Gas Co.] v. Rice, 138 N.Y. 151, 33 N.E. 846), an extreme rule, and perhaps not supported by the weight of authority. But it is certain `or' is often interpreted to mean `and' and vice versa, if the context shows that meaning was intended, or when, as said, an absurd consequence, or frustration of *609 the object of the enactment, would otherwise follow." State ex rel. Stinger v. Krueger, 280 Mo. 293, 217 S.W. 310, loc. cit. 315.
In the case of People v. Sweetser, 1 Dak. 308, 46 N.W. 452, 453, the court was construing a law regulating the sale of intoxicating liquors. Laws Dak. 1872-73, c. 25, sec. 4. The first section prohibited the sale, without a license, of intoxicating liquor to be drunk upon the premises; the second section made it unlawful to sell to minors, etc. The statute further provided that "For every violation of the provisions of the first and second sections of this act every person so offending shall forfeit and pay a fine * * *." The defendants were convicted of selling liquor without a license and on appeal contended the punishment was for a violation of the first and second sectionsthat is, both and that they had been wrongly sentenced for violating only the first section.
In ruling the case, the court said:
"Again, it is contended that defendants cannot be punished unless guilty of a violation of both sections 1 and 2, a violation of the provisions of one of these sections alone not being sufficient, as section 4 provides a punishment for any one violating the provisions of the first and second sections. This objection savors entirely too much of captious hypercriticism, and I shall dispose of it with a very few words. Can it be supposed for a moment that the legislature intended to permit parties to sell, to be drank on the premises, without license or bond, provided they did not sell to the persons mentioned in section 2? Again, section 2 is an absolute prohibition of the sale of intoxicating liquors, in any quantity and for any purpose, to the persons therein named, subject to an exception in case of minors. Now can it be that the legislature intended that this section might be disregarded, and its provisions violated with perfect impunity, and with complete immunity from the possibility of punishment, provided the offender did not at the same time sell to be drank on the premises? I think the clear intentionand such is certainly the most reasonable, in fact the only reasonable, construction,was to provide for the punishment of the violation of either section. Any other construction would render the statute a dead letter. Even a penal law should not be construed so strictly as to defeat the obvious intention of the legislature. [American] Fur Co. v. U. S., 2 Pet. [U.S.] 358 [7 L.Ed. 450]. `And' and `or' are convertible as the sense of the statute may require. Townsend v. Read, 10 C. B. (N.S.) 308; Boyles v. McMurphy, 55 Ill. 236. And this is the rule even in a criminal statute. State v. Myers, 10 Iowa, 448; Miller v. State, 3 Ohio St. [475] 476." Loc. cit. 454 of 46 N.W. The court held that the word "and" as used in the penal section meant "or" and affirmed the judgment of the trial court.
In the case of State v. Smith, 46 Iowa 670, the court was construing a statute which provided that "If the father or mother of any child under the age of six years * * * expose", etc., Iowa Code, 1873, sec. 3870, I.C.A. § 731.7, with the intent to abandon it, they should be guilty of a crime. A husband and wife were indicted for such a deed and the husband was tried and convicted. He appealed on the theory that the crime was not committed unless his wife participated, pointing out that the law as it stood in a prior revision read, "If the father or mother" etc., therefore, the legislature must have meant in substituting the word "and" for "or" to change the elements of the offense by requiring a joint perpetration by both parents. That court held that to adopt the construction of the statute invoked by the appellant would permit a parent to abandon a child with impunity if the other parent were dead, and that such a construction should not be placed on the statute as it would defeat its purpose, that the word "and" may be interpreted as a disjunctive and the word "or" as a conjunctive when the sense absolutely requires it.
In the case of State v. Long, 238 Mo. 383, 141 S.W. 1099, 1100, the defendant was convicted under an amended statute which was enacted in 1897, L. 1897, p. 106, Section 559.310 RSMo 1949, V.A.M.S., defining seduction under a promise of marriage. *610 Prior to that amendment the section provided that any person who should "under promise of marriage, seduce and debauch any unmarried female of good repute," should be punished as therein prescribed. The amendment of 1897 omitted the word "and" between the words "seduce" and "debauch" and substituted the word "or" so that the amended section read, "`seduce or debauch'", otherwise, the amended section was identical with the original section. The trial court instructed on the theory that either seduction or debauchment warranted a conviction.
The question before this court in that case was: Did the legislature intend to define two crimes by this amendment where only one crime existed before the amendment? In other words, did the amendment of 1897 make separate crimes of "seduction" and "debauchment"? We held that there was nothing in the title of the act of 1897 to indicate that the legislature intended to create two distinct crimes where only one existed before.
"The word `seduce,' when used alone in a statute of this kind, usually implies the offense of inducing an unmarried woman, under or by promise of marriage, to surrender her chastity. Carlisle v. State, 73 Miss. [387] loc. cit. 393, 19 So. 207. The word `debauch' ordinarily imports the deflowering of a woman, whether with or without her consent, and, if with her consent, whether that consent be obtained by promises and persuasion, or spring from her own desires.
"That the Legislature did not intend to disjoin the words `debauch' and `seduce' in the section, and then use the former in its ordinary and unrestricted sense, supra, is clear from the fact that to so construe the word would convict that body of an intent to reduce the punishment for rape, on the condition that it be committed upon the person to whom the ravisher was engaged to be married." 238 Mo., loc. cit. 390-391, 141 S.W. loc. cit. 1101.
The court held that the use of the word "or" in the amended section was an inadvertence and it should be read as "and."
In the case at bar, the sections of the statute under consideration were a part of House Bill No. 2154 of the 65th General Assembly, and there is nothing in the title of that act to indicate that the legislature intended to require a person to be guilty of driving a car in an intoxicated condition and also leaving the scene of an accident before he could be guilty of a criminal offense. Since the title of an act is essentially a part of the act and is itself a legislative expression of the general scope of the bill, it may be looked to as an aid in arriving at the intent of the legislature. Holder v. Elms Hotel Co., 338 Mo. 857, 92 S.W.2d 620, 104 A.L.R. 339.
Under section 564.440 we have one distinct crime and that crime is operating a motor vehicle while in an intoxicated condition, while section 564.450 defines another distinct crime, which is leaving the scene of an accident under certain conditions; yet if section 564.460 is to be given its strict literal construction, as contended by appellant, a person could violate section 564.440 by driving a motor vehicle in an intoxicated condition but could not be punished because he did not, at the same time, violate section 564.450. Such a construction would be absurd. To avoid this absurdity and yet carry out the legislative intent, as evidenced by House Bill No. 2154 as a whole, we hold that the substitution of the word "and" for "or" in the amended section was an inadvertence, and that in the section as it now stands the word "and" between the words "sections 564.440" and "section 564.450" should read "or."
From what we have said, it follows that the petitioner should be remanded to the custody of the warden of the state penitentiary. It is so ordered.
All concur.