Dear Mr. Hoffert:
This is in response to your request for an opinion concerning the interpretation of Senate Bill No. 679, 80th General Assembly, which was approved by the Governor on May 30, 1980, and became effective August 13, 1980. Specifically, you asked the following questions:
 1. S.B. 679, § 2 refers to assessment fund required under § 137.750, RSMo. Are the funds earmarked by S.B. 679, § 2 in lieu of the 25% funding of equalization provided by § 137.750.2(3)?
 2. May funds earmarked by S.B. 679, § 2 be spent for general reassessment purposes, for ongoing assessors' costs, or for both?
 3. Clearly, the funds earmarked by S.B. 679, § 2 may be expended only for assessment purposes. However, may the county court approve expenditure of less than all monies so provided, or must the county court approve expenditure of all monies so provided?
 4. How shall township counties allocate among the townships monies earmarked by S.B. 679, § 2?
Senate Bill No. 679, 80th General Assembly (which is now found in §§ 137.715, 137.720 and 137.725 RSMo Supp. 1980), provides:
 Section 1. Each county assessor shall, subject to the approval of the governing body of the county, appoint the additional clerks and deputies that he or she deems necessary for the prompt and proper discharge of the duties of his office. A portion of the salaries of the clerks and deputies hired by each county assessor shall be paid by the state in accordance with sections 137.710 and 137.750, RSMo, and the remainder of the salaries for such clerks and deputies shall be paid by the county in which they are employed.
 Section 2. A percentage of all ad valorem property tax collections allocable to each taxing authority within the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under section 137.750, RSMo. The percentage shall be one-half of one percent for all counties of the first and second class and cities not within a county and one percent for counties of the third and fourth class. The county shall bill any taxing authority collecting its own taxes. The county may also provide additional moneys for the fund. Every county shall provide all moneys necessary to assure that the fund is at least equal to the amount of moneys available for assessment purposes in the previous year. Any amount which is attributable to deductions under this section remaining in the fund each year after payment of all costs shall be paid to the taxing authority.
 Section 3. The salary of the assessor, the clerks, deputies, employees and all costs and expenses of the assessor shall be paid monthly by the county from the assessment fund established under section 137.750, RSMo.
It appears that the legislature intended Senate Bill No. 679 to establish a source of funding for expenses, costs and salaries attributable to each county assessor. The act clearly does not specifically repeal any existing legislation. Therefore, if Senate Bill No. 679, § 2, replaces the provisions of § 137.750.2(3), RSMo Supp. 1980, it must do so by implication. It is a well established principle of statutory construction that a statute is impliedly repealed by the passage of a subsequent statute only where the provisions of the latter are irreconcilably inconsistent with the prior statute. Statev. Ludwig, 322 S.W.2d 841, 848 (Mo. banc 1959). This situation is not presented by the statutes in question.
Section 137.750, RSMo Supp. 1980, deals specifically with general reassessment ordered by a court or by the State Tax Commission. Section 137.750.2 provides for reimbursement to a county by the state and political subdivisions within the county of a specified percentage of the cost of an ordered reassessment. The county is to be reimbursed by the state for 50 percent of all reasonable costs incurred pursuant to an approved reassessment plan, and an additional 25 percent for those expenditures specified in § 137.750.2(4). The total reimbursement from the state is not to exceed 75 percent of actual cost or $30 per parcel. Section 137.750.2(3), RSMo Supp. 1980, requires all taxing jurisdictions within the county to reimburse the county for 25 percent of those costs specified in subdivision four. The source of the reimbursement funds is to be ad valorem property tax collections. Section 137.750.3, RSMo Supp. 1980, provides that a county seeking reimbursement, either for those ongoing costs authorized under Chapter 137, RSMo, or for reassessment costs authorized under § 137.750, RSMo, must establish a fund to be used exclusively for funding such costs. Senate Bill No. 679, § 2, calls for each taxing jurisdiction within the county to contribute from 1/2 to 1 percent of its annual ad valorem property tax collections to the fund established under § 137.750. The legislature's failure to specify that the county is also to deduct this amount from its property tax collections, as was done under § 137.750.2(3), and the fact that Senate Bill No. 679 provides that the county may provide additional moneys for the fund and must do so to the extent necessary to assure that the amount in the fund is at least equal to the amount of moneys available in the previous year, indicates that the county was not meant to be subject to the deduction required under this section. Finally, § 3 provides that all costs, expenses and salaries of the assessor's office are to be paid from this fund.
Reading these provisions together, it becomes apparent that there is no inconsistency between § 137.750.2(3), RSMo Supp. 1980, and Senate Bill No. 679. Section 137.750.2(3) provides the source of funding of certain specified costs and expenses attributable to an approved reassessment plan. Senate Bill No. 679 establishes a source of funding in addition to that provided in § 137.750.2(3). As made clear by Senate Bill No. 679, § 3, the moneys collected under Senate Bill No. 679, § 2, and deposited in the fund of § 137.750 are to be for all costs, expenses and salaries of the county assessor's office. This would necessarily include those costs attributable to reassessment which do not fall within the categories enumerated in subdivision (4) of § 137.750, RSMo, as well as the general ongoing expenses of the assessor's office.
Therefore, in response to questions one and two, it is our opinion that the funds designated by Senate Bill No. 679, § 2, are not in lieu of the 25 percent funding provided by § 137.750.2(3), RSMo Supp. 1980, but are in addition to such funding. It is also our opinion that the legislature intended Senate Bill No. 679 funds to be expended for both general reassessment purposes not otherwise covered under § 137.750.2(4), RSMo Supp. 1980, and for all ongoing costs of the county assessor's office.
Senate Bill No. 679, § 2, provides that "[a]ny amount which is attributable to deductions under this section remaining in the fund each year after payment of all costs shall be paid to the taxing authority." This provision makes it clear that all the moneys collected from the taxing authorities need not be spent during a given year. The legislature specifically required that any funds deducted, but not needed to pay the expenses of the county assessor's office, were to be returned to the respective tax authorities.
Your final question concerns how township counties are to allocate the moneys designated by Senate Bill No. 679, § 2. We are of the opinion that such counties do not come within the Act. Counties under township organization do not have a county assessor. Instead, the assessment functions are performed by the ex officio township assessors in each township within the county. Chapters 53 and 65, RSMo. A review of Senate Bill No. 679 shows that it specifically refers to county assessors, but contains no reference to township assessors. In fact, Senate Bill No. 679, as enacted by the legislature, is entitled "AN ACT Relating to county assessors in all counties." It is well established in Missouri that the title of an act is a legislative expression of its general scope, and that the title may be considered in determining the intent of the legislature. Hurleyv. Eidson, 258 S.W.2d 607 (Mo. banc 1953). Applying this principle to Senate Bill No. 679, it appears that the legislature expressly limited the operation of the act to county assessors, and, therefore, to those counties which are not under township organization.
The limited scope of Senate Bill No. 679, as reflected by its title, and by the lack of any reference to township assessors in its text, becomes even more apparent when compared to other statutes pertaining to assessment and reassessment. Section 137.750.3, RSMo Supp. 1980, which establishes the fund referred to in Senate Bill No. 679, makes specific references to "township assessors." The same is true for § 137.700, RSMo Supp. 1980, which provides for payment by the state of a portion of all costs and expenses of the "assessor of each county . . . and of the ex officio township assessor . . .", and § 137.710, RSMo Supp. 1980; which provides for payment of a portion of the assessor's salary and a portion of the fees of the ex officio township assessors. This demonstrates the legislature's awareness of the distinction between township counties and nontownship counties, and further evidences the intent that the provisions of Senate Bill No. 679 are not meant to apply to counties having township organization.
CONCLUSION
It is the opinion of this office that the funds designated by Senate Bill No. 679, § 2, 80th General Assembly, are not in lieu of the 25 percent funding for reassessment provided by § 137.750.2(3), RSMo Supp. 1980, and that these funds may be spent for both general reassessment purposes and for ongoing assessment costs. Further, the county court need not approve expenditure of all money collected under Senate Bill No. 679, § 2. Finally, counties under township organization do not come within the provisions of Senate Bill No. 679 so that the present means of funding the costs of the assessment functions in these counties is not changed.
Very truly yours,
 JOHN ASHCROFT Attorney General