COLLINS GRANITE COMPANY

*vs.*

AUGUSTUS R. DEVEREUX, Sheriff.

Hancock.   Opinion July 20, 1881.

</div>

*Stat. 1876, c. 90.   Lien on granite.   Words.*

Stat. 1876, c. 90, gives to him who labors in quarrying or cutting and dressing granite in any quarry, a lien for the wages of his labor on all the granite quarried or cut and dressed in the quarry by him or his co-laborers for thirty days after such granite is cut and dressed, and as much longer as the stone remains unsold and not shipped on board a vessel.

This lien, if enforced by attachment within said thirty days, will have precedence of all other claims, including sales made within said thirty days. A laborer's attachment made after the lapse of said thirty days, will prevail against prior claims, only when made before the stone is sold or shipped on board a vessel.

The words " and" and " or" are convertible terms when the true import and design of a statute require it.

REPLEVIN for certain granite, cut stone, attached by the defend-ant, as sheriff, on various lien writs against George W. Collins, the owner of the quarry, where the stone were quarried, and in favor of laborers employed by Collins in quarrying and cutting the stone.

The various plaintiffs in the lien writs, labored on the stone in quarrying and cutting the same within thirty days before the attachment, and the attachment was to enforce liens claimed by .them on the stone for such labor.   Collins, however, had sold

the stone to the plaintiff before the attachment, but the stone had not been shipped on board a vessel.

The only question was, whether the liens of the laborers were lost by the sale before the attachment and within thirty days after the performance of the labor.

The law court to render judgment according to the law and facts, and damages in either event to be nominal.

*H. A. Tripp,* for the plaintiff.

The sale of the granite before any attachment, defeated the lien of the laborers under stat. 1876, c. 90.

That statute gives the laborer a lien, "for thirty days after such granite is cut and dressed, or until such granite is sold, or shipped on board a vessel."

Words or phrases are to be construed according to the common meaning.  R. S., c. 1, § 4, par. 1.

The common meaning of "or" is that the expression, idea or phrase, is in the alternative, either this or that.   Either a lien for thirty days, or a lien until such granite is sold.

The laborer should be protected so far as a just regard for the rights of others will admit, further than that, he is not entitled to protection.

*L. A. Emery,* for the defendant, cited : 3 Pars. Contr. 235, 241 ; *Winterfield* v. *Strauss,* 24 Wis. 394 ; *Com.* v. *Griffin,* 105 Mass. 185 ; *People* v. *Sweetsir,* 1 Dakota, 308 ; *Sheridan* v. *Ireland,* 66 Maine, 65 ; *Smith* v. *Colcord,* 115 Mass. 70.

BARROWS, J.   Laborers employed, as those were whom the defendant here represents, by the owner of a granite quarry, to quarry and cut stone therein, would seldom if ever derive any benefit from the provisions of c. 90, laws of 1876, if the construction of said statute contended for by plaintiff's counsel should prevail.   Without the statute, they can secure a lien by attachment of the stone which they and their co-laborers have worked upon, so long as it remains the property of their employer, and within reach of process ; and upon plaintiff's construction, the provision which gives them a lien "for thirty days after such granite is cut and dressed," becomes as to them utterly meaningless.

A construction which will deprive this clause of the statute of all force, efficacy and significance in the greater part of the cases to which it is applicable, and will tend to neutralize its effect in all, is to be avoided if it is possible to do so. If the lien can be cut off by a sale or shipment before the lapse of the thirty days, it would be too much to expect that it would be suffered to exist that length of time in any case, where the laborers were really in danger of losing their wages. The object of the statute, is to make the pay of those whose labor has gone to enhance the value of the product, prompt and secure in all cases against both the misfortunes and the possible dishonesty of their employers.

The construction to be adopted, is that which, without violating the true signification of the language employed, shall best promote the object and efficiency of the statute in all its parts.

As remarked by SHAW, C. J. in *Cleaveland* v. *Norton*, 6 Cush. 384, "After all, the best ground of exposition is to take the entire provisions of the act and ascertain if possible, what the legislature intended."

To this, wherever it is possible to apply it, all other rules must give way.

Why should the legislature have mentioned a brief fixed time, within which the lien might be enforced by attachment, if its duration for that short space was to depend after all upon a contingency?

It is more consonant with the apparent legislative intent, and more certain to promote the object to be effected, to suppose that the day certain is given in any event, and the further opportunity after the expiration of the specified time, unless the stone should be sold or shipped.

We ought not to adopt a construction which would render any clause of the statute superfluous or insignificant, unless such construction is forced upon us in unmistakable terms.

We think the legislature intended to confer a substantial benefit and security upon the laborer, by giving him a lien upon the stone for his wages, for at least thirty days after it is cut and dressed, and as much longer as it remains unsold, and not shipped on board a vessel.

Instances are not wanting in which courts have construed words ordinarily disjunctive and alternative in a conjunctive and cumu-

lative sense, and the reverse, to conform to the obvious design of a statute.

The words "and" and "or" are convertible as the sense of a statute may require. *People* v. *Sweetsir,* 1 Dak. Ter. 308; *Winterfield* v. *Strauss,* 24 Wisc. 394; *Commonwealth* v. *Griffin,* 105 Mass. 185; *Barker* v. *Esty,* 19 Vermont, 131.

> *Judgment for defendant; and for a return with $1 damages.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.