RIDGELEY LODGE, NO. 23, INDEPENDENT ORDER ODD
FELLOWS *v.* THOMAS REDUS ET AL.

1. TAXATION. *Exemption. Charitable society. Code* 1892, *¿* 3744, *par. d.*
   Property belonging to a charitable society which is leased for profit
   is not exempt from taxation, under code 1892, ¿ 3744, par. *d*, ex-
   empting the property of such societies used exclusively for its
   purposes.*

2. SAME. *Use of income.*
   The use of the income of the property by the lodge for charity does
   not warrant its exemption from taxation.

3. SAME. *Sick and burial benefits.*
   The payment of the funds of the lodge to members for sick and
   burial benefits, without regard to their financial condition, is not
   a charity.

FROM the chancery court of Oktibbeha county.

HON. HENRY L. MULDROW, Chancellor.

Ridgeley Lodge, No. 23, Independent Order Odd Fellows,
the appellant, was complainant in the court below; Redus and
the town of Starkville, appellees, were defendants there.
Redus was the tax collector of the town. The object of the
bill was to enjoin the collection of a municipal tax, on the claim
that the property was exempt from taxation. The court below
decreed for the defendants, and the complainant appealed. The
facts are stated in the opinion of the court.

*Walker & Tubb,* for appellant.

This state, unlike most of the states, has given exemption to
private charitable societies in addition to the exemptions granted
to public charities. Subsection *(d)* code 1892, § 3744, is the

---

*After this case was decided in the court below the legislature passed an act (laws 1900,
p. 52) changing the law. It did not, however, have retroactive effect, and consequently had
no application to the case.

exemption given to private charitable societies, and subsection (*f*), same section, is the exemption given to public charities. If the facts in the case at bar bring appellant within the terms of subsection (*d*) then appellant is entitled to the exemption given in that statute. The property, or its equivalent, the revenue derived from its use, was devoted exclusively to the purposes for which the society was organized, and there was absolutely no element of private gain, emolument or profit to any one from the property or its use.

What does the phrase "used exclusively for the purposes of the society" mean? Justice Miller, in *University* v. *The People*, 99 U. S., 309, gives a lucid answer to the question. In construing a statute of the state of Illinois giving an exemption to property "used for school purposes," he says: "The purposes of the school and the school are not identical. The purpose of a college or university is to give youth an education. The money which comes from the sale or rent of land dedicated to that object aids this purpose. Land so held and leased is held for school purposes in the fullest and clearest sense." The reasoning of the court on that case is cogent, clear, and specially applicable to the case in hand.

Another case which handles with great learning and acumen this question, is the case of *Book Agents of the Methodist Church* v. *Hinton*, a Tennessee case, and reported, 19 L. R. A., 289. The record in this case shows that the property and its income were "used exclusively for the purposes" of this charitable society and "not for profit." Suppose, instead of renting portions of its buildings and deriving a revenue therefrom, it had permitted them to remain idle and unoccupied save for the purpose of its secret meetings in a part of it, would it be contended that the property was subject to taxation? Certainly not. Then, why tax the property when it is made to produce an income that may be devoted to charities and benevolences? There can be no sound reason given why it should be taxed under those circumstances.

*Carroll & Magruder*, for appellees.

The liability of the property assessed for taxation must be determined by code of 1892, § 3744*d*.

"Taxation is the rule, exemption the exception." "He who claims an exemption must show an exemption affirmatively declared, and that he is clearly within its terms. Exemption from taxation, being in derogation of sovereignty, will never be allowed by implication, but all matters of doubtful construction must be resolved in favor of the taxing power. 12 Am. & Eng. Enc. L. (2d ed.), 302, 305, 285, 288–292; *Ice Co.* v. *Adams*, 75 Miss., 410; *Ice and Coal Co.* v. *Greenville*, 69 Miss., 86; *Yazoo, etc., R. R. Co.* v. *Thomas*, 65 Miss., 553; *Frantz* v. *Dobson*, 64 Miss., 631.

Our statute draws no distinction between "public" and "private" charities. No such construction can be placed on the effect of code of 1892, § 3744, and the words, "charitable society," must be taken in their usual significance. The record shows that the complainant is not a "charitable society" but a mutual organization for reciprocal advantages and benefits. Incidental charities do not make a "charitable society," for all men and all institutions, upon such a view, would be "charitable societies." A similar organization has been held, under a similar statute, not to be a charitable society. *Bangor* v. *Masonic Lodge*, 40 Am. Rep., 369.

There are in these cases three distinct requirements: Ownership, exclusive use and nonprofit. Under code 1892, § 3744*d*, all three conditions must be co-existent in order to justify the exemption. *Montana Catholic Mission* v. *Lewis and Clark Counties*, 22 L. R. A., 684; 12 Am. & Eng. Enc. L. (2d ed.), 321, 322, and notes 383, 317, 320; *Exeter Academy* v. *Exeter*, 42 Am. Rep., 589; *American, etc., Union* v. *Taylor*, 23 L. R. A., 695; *Portland, etc., Society* v. *Kelly*, 30 L. R. A., 167.

Terral, J., delivered the opinion of the court.

Ridgely Lodge, No. 23, I. O. O. F., owns a desirable lot in

the town of Starkville, upon which it has erected a valuable two-story brick building. The first floor of said building is rented as a storehouse at about $400 per annum, and the second floor, or a part of it, is rented as a dental office. The lodge claims that this property is exempt from taxation under § 3744, code, which exempts all property, real or personal, belonging to any charitable society, used exclusively for the purposes of said society, and not for profit. The exemption cannot be maintained. It does not come within the letter of the act. The property is used for profit, and not for charity, and so cannot be exempt. It is said in argument that the income is used for charity, and that makes it the same in effect as if the property itself was used for charity. But that is not the letter of the law, nor its spirit. A large part of the funds of the society is paid for sick and burial benefits to the members of the order, whether rich or poor, and to this extent the funds are not used for charity; and the exemption could not be sustained even if the statute had exempted the property from taxation when the profits are used exclusively for charity. The property is subject to taxation. *Association* v. *Leester*, 28 N. J. L., 103; *Trustees* v. *Bohler*, 80 Ga., 159, s.c. 7 S. E., 633; *Book Agents* v. *Hinton* (Tenn.), 19 L. R. A., 289, and notes, s.c. 21 S. W., 321; *Association* v. *Pelton*, 36 Ohio St., 253; *Morris* v. *Lone Star Chapter*, 68 Tex., 698, s.c. 5 S. W., 519.

*The decision of the chancellor is affirmed.*