ADAMS COUNTY *v.* CATHOLIC DIOCESE OF NATCHEZ.

[71 South. 17.]

1. TAXATION. *Exemptions. Charitable societies. Construction of statutes. Exemptions.*

Under Code 1906, section 4251, cl. d. providing that, all property real or personal, belonging to any religious or charitable society and used exclusively for the purpose of such society and not for profit, shall be exempt from taxation and under section 4252,

providing that all the property, real and personal, and the revenues derived therefrom belonging to any religious or charitable society or benevolent order on the lodge system, where no dividends are declared, and where the revenues thereof are used for fraternal and benevolent purposes, shall be exempt from all state, county and municipal taxes, the lands of an incorporated catholic diocese the rents which are used to maintain orphans' homes are exempt; the two sections not being in conflict, the latter section merely extending the exemption of the former.

2. TAXATION. *Exemption. Construction of statutes.*

Statutes exempting persons and property from taxation must be strictly construed, but there is a relaxation of the rule in the case of statutes of exemptions applicable to religious and educational institutions, and the supreme test is the intent of the legislature.

3 STATUTES. *Construction. Exemptions. "And."*

In order to obtain the policy and intent of the statute, the disjunctive "or" should be used and read into the act, in the place of the conjunctive "and," conjoining "fraternal and benevolent purposes" referred to in the last part of this provision of section 4252, Code 1906, so as to exempt property of religious institutions.

4. SAME.

Whenever necessary to effectuate the obvious meaning of the legislature, conjunctive words may be construed as disjunctive, and *vice versa.*

APPEAL from the circuit court of Adams county.

HON. R. E. JACKSON, Judge.

Proceeding by the Catholic Diocese of Natchez, against Adams county. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Richard F. Reed,* for appellant.

*Gerard Brandon,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Adams county abating and striking from the tax rolls

certain real estate in the city of Natchez, rented and bear-
ing revenue, assessed to the Catholic Diocese of Natchez,
and declaring that the property, the legal title to which
is in the diocese, is exempt from assessment and taxation.
A jury was waived, and the case was heard by the judge
upon the record of appeal from the board of supervisors
of Adams county and an agreed statement of facts. From
a judgment adverse to the appellant, it appeals here. The
agreed statement of facts is as follows:

"That the allegations and statements in the petition of
complainant addressed to the board of supervisors, setting
forth the assessments complained of and the proceedings
had in said board, leading up to the rendition of the final
order appealed from, are true and correct as stated.

"That the legal title to the properties assessed is cor-
rectly stated in said petition to the board of supervisors
(praying to have the assessment thereof abated and strick-
en from the rolls), to be in the Catholic Diocese of Natchez,
Incorporated; but said title is held in trust for the Cath-
olic congregation of St. Mary's Cathedral in the City of
Natchez, Adams county, Mississippi.

"That the Right Reverend John E. Gunn is the Bishop
of Natchez, embracing in his diocese and jurisdiction all
the Catholic parishes and missions in the state of Miss-
issippi, with his episcopal residence in the city of Natchez,
and that the Very Reverend P. C. Hayden is Vicar Gen-
eral of Natchez, with his residence in said city.

"That the plaintiff 'Catholic Diocese of Natchez' is a
religious corporation duly incorporated under the laws
of the state of Mississippi, its charter of incorporation
having been approved by the Governor on September 7,
1905, and being now recorded in Book No. 13, page 546,
of the Books of Incorporation in the office of the secretary
of state, and also in Book 4-A, page 817, of the Records of
Deeds of Adams county, Mississippi.

"That a certified copy of said charter will be herewith
filed, and is here referred to as Exhibit A to this agreed
statement of facts.

"That said Right Reverend John E. Gunn, as Bishop :aforesaid, is *ex officio* the chief officer of said religious corporation, and said Very Reverend P. C. Hayden, as Vicar General of Natchez aforesaid, is *ex officio* the secretary thereof. ,

"That prior to the incorporation of the said Catholic Diocese of Natchez the legal title of the several properties, the assessment of which is complained of and appealed from (as well as other properties hereinafter mentioned), was vested in the Right Reverend Thos. Heslin (since deceased), the then Bishop of Natchez, who held the title thereto in trust for the aforesaid Catholic congregation of St. Mary's Cathedral, a religous society of Catholics in said city of Natchez, to whom the equitable and beneficial interest and title belonged.

"That after the incorporation of said 'Catholic Diocese of Natchez' and pursuant to the object and purpose thereof, and of the authority given to it by said charter 'to receive and hold the titles to all the property, real and personal, belonging to the several Catholic congregations, parishes, and missions in the state of Mississippi, in trust for said congregations, parishes, and missions, respectively,' the said Right Reverend Thos. Heslin, Bishop of Natchez aforesaid, on September 1, 1906, conveyed to said corporation 'Catholic Diocese of Natchez,'in trust for said Catholic congregation aforesaid, by deeds of record, all the properties theretofore held in trust by him as aforesaid in the county of Adams, state of Mississippi, being the two pieces of property assessed (which assessment is appealed from), and also the land at the southeast corner of Union :and Main streets, in Natchez, on which is located the St. Mary's Cathedral and the Bishop's residence; the land .at the southwest corner of Main and Union streets, in Natchez, on which is the Cathedral School and the dormitory occupied by the Brothers in charge of said school; the old Catholic Cemetery; the new Catholic Cemetery; certain cemetery lots formerly part of 'potter's fiel l'; two lots of land adjoining Devereux Hall Orphan Asylum

and used by said asylum. Afterwards R. Lee Parker conveyed to said corporation three and one half acres of land in the county (outside the city), upon the same trusts, on which is located a Catholic mission church.

"That the above-mentioned property is all the property in Adams county, Mississippi, the title to which is vested in trust, as aforesaid, for said Catholic congregation, in said corporation.

"That, as already set forth, the Catholic Diocese of Natchez, Incorporated, holds under its charter title to properties in trust only for the several Catholic congregations, parishes, and missions in Mississippi, to which the equitable title and beneficial interest may belong. That said corporation is not for profit. That there is no stock issued and no dividends declared. That the two properties assessed are leased to tenants. That all the revenues therefrom are used for benevolent purposes and no other, and not for profit, to wit: Every cent of the revenues derived from said properties are used and expended in the benevolent work of maintaining, supporting, and providing for poor and dependent orphans in the St. Mary's Orphan Asylum for Girls and the Devereux Hall Orphan Asylum for Boys, in Natchez, Miss., which institutions are supported and maintained by the Catholic congregation of Natchez, with the assistance of other Catholic congregations in Mississippi."

Briefly stated, the facts in the case are the Catholic Diocese of Natchez is a religious society, incorporated, and owns, amongst other church property, two houses in Natchez which it leased to tenants and received rent therefor; that it used this property, not for profit to the society, but used the revenue in rent therefrom for charitable and benevolent purposes in the city of Natchez.

The question presented here is whether or not these two pieces of property, not being used exclusively for the purposes of such religous society, but were leased, and bore a revenue in rent, are subject to taxation under the laws of Mississippi. Section 4251 of the Code of 1906, provid-

ing what property shall be exempt from taxation, in the first sentence of clause "d" of the section reads:

"All property, real or personal belonging to any religious or charitable society, and used exclusively for the purpose of such society and not for profit."

While this provision was then in section 3744, Code of 1892, the case of *Ridgeley* v. *Redus*, 78 Miss. 352, 29 So. 163, was decided, holding that a benevolent order on the lodge system was not entitled to exemption from taxation of property owned by the lodge not being used exclusively for the purpose of such charitable society. And while this case was pending on appeal to the supreme court the legislature enacted section 4252, Code of 1906, which reads as follows:

"All public libraries and buildings in which the free public schools are taught, and the lots on which the same are situated, not exceeding four acres in demensions, without cost to the state or any county or municipality thereof for rent or lease, and also the real and personal property of library associations, used for library purposes where no dividends are declared, and to which the children attending the public schools have free access; and all the property, real and personal, and the revenues derived therefrom belonging to any religious or charitable society or benevolent order on the lodge system where no dividends are declared and where the revenues thereof are used for fraternal and benevolent purposes, shall be exempt from all state, county, and municipal taxes."

The appellant urges that there can be no exemption here under section 4251 of the Code of 1906, as this statute was construed in the case of *Ridgeley Lodge* v. *Redus,* *supra,* in which the court said in substance that under the facts in that case the exemption could not be maintained as the property was used for profit and not for charity, and that even though the income from the property be used for charity, yet under the statute, section 4251, Code of 1906, the exemption could not be sustained. We agree with counsel for appellant that under section

4251, Code of 1906, the appellee could not maintain exemption from taxation of the property here in question, but we think that the appellee may safely rely upon section 4252, Code 1906, to sustain its contention that the property in this case is exempt from taxation in this state. Counsel for appellant urges that there is a conflict between sections 4251 and 4252, and that this conflict cannot be reconciled and that the two sections cannot be read harmoniously together, and that section 4252 repeals section 4251.

In this we disagree with the learned counsel for the appellant, as it is clear that section 4252, Code of 1906, does not conflict with nor curtail the exemption given in 4251, but simply extends the exemption so as to apply to property owned by religous societies when not used exclusively for the purposes of the society but producing revenue, provided the revenue is used for benevolent purposes and not for profit. We concede that statutes exempting persons and property from taxation must be strictly construed, but it is also true that there is a relaxation of the rule in the case of statutes of exemption applicable to religious and educational institutions, and that the supreme test is in the intent of the legislature. In *State* v. *Fisk University,* 87 Tenn. 241, 10 S. W. 286, the court holds:

"The intention of the legislature must govern in ascertaining the extent of tax exemptions, and when the exemption is to religious, scientific, literary, and educational institutions, the same strict construction will not be indulged in that would be applied to corporations created for private gain or profit."

In *Holly Springs* v. *Marshall County,* 104 Miss. 761, 61 So. 703, Justice Reed said:

"In construing statutes, we must look to the intention of the legislature, the spirit of the law, and the policy and purpose of the same."

It is well-settled law in construing statutes that the letter must yield to the spirit and intent of the act, and

where there is a conflict the intent will control the construction. The latter part of section 4252, Code of 1906, which reads as follows:

. "And all the property, real and personal, and the revenue derived therefrom belonging to any religious or charitable society or benevolent order on the lodge system where no dividends are declared and where the revenues thereof are used for fraternal and benevolent purposes, shall be exempt from all state, county, and municipal taxes"

—When properly construed so as to obtain the intent of the legislature, clearly means that the revenue derived by any religious society used for benevolent purposes shall be declared exempt from taxation.

It is argued with considerable force by counsel for appellant that the conjunction "and" used between "fraternal" and "benevolent purposes" in the latter part of this act should be strictly construed, and means that, unless the revenue derived by the religious society here is used for *both* fraternal and benevolent purposes, the appellee cannot claim the exemption, and that the religious society here is not a fraternal or benevolent order on the lodge system. But we disagree with counsel in this construction, and we hold that, in order to obtain the policy and intent of the statute, the disjunctive "or" should be used and read into the act in the place of the conjunctive "and," conjoining "fraternal and benevolent purposes" referred to in the last part of this provision of section 4252. If this was not the intent of the legislature that the revenues derived by religious societies and used for benevolent purposes should not be exempt, why the absurdity of mentioning "any religious or charitable society" in the act at all? And to hold that the contention of the appellant is correct would be to read entirely out of section 4252 any benefit whatever "to any religious or charitable society," and would limit the benefit to a benevolent and fraternal order on the lodge system alone. We think that such a

110 Miss.—57

construction of this statute is not justified by its terms.
It is held that:

"Whenever necessary to effectuate the obvious mean-
ing of the legislature, conjunctive words may be construed
as disjunctive, and *vice versa.*" 36 Cyc. 1123, and cases
cited.

This seems to be the settled rule. *People* v. *Rice,* 138
N. Y. 151, 33 N. E. 846; *Eisfeld* v. *Kenworth,* 50 Iowa, 389;
*Collins Granite Co.* v. *Devereux,* 72 Me. 422; *Williams* v.
*Poor,* 65 Iowa, 410, 21 N. W. 753; *Price* v. *Forrest,* 54 N.
J. Eq. 669, 35 Atl. 1075; Bates' Ann. St. Ohio 1904, sec-
tions 4947, 6794; Rev. St. Wyo. 1889, section 2724.

The judgment of the lower court is affirmed.

*Affirmed.*