Young Men's Christian Association Retirement Fund, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 36261, 41599. Promulgated November 11, 1929.

*Henry J. Richardson, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

144

OPINION.

LANSDON: The single question presented for determination in these proceedings is whether the petitioner is exempt from income tax under the provisions of section 231 of the Revenue Act of 1926, which provides in part as follows:

The following organizations shall be exempt from taxation under this title—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(2) Mutual savings banks not having a capital stock represented by shares;

(3) Fraternal beneficiary societies, orders, or associations, (a) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system; and (b) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(8) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(13) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title; &ast; &ast; &ast;.

The petitioner contends that it is entitled to exemption as a corporation organized and operated exclusively for religious, educational and charitable purposes, as provided in subdivision (6) above, or if such classification should be denied, that it is entitled to exemption under one of the remaining subdivisions of section 231. The respondent urges that the petitioner is not organized *exclusively* for charitable purposes and that the word " charity " in the statute contemplates a " purely public " charity.

In determining whether property is exempt as " used exclusively " for certain purposes, the decisions have uniformly held that such

language means the primary and inherent use and does not preclude such incidental uses as are directly connected with, essential to, and in furtherance of, the primary use. Cooley on Taxation, 4th ed., vol. II, § 685, and cases there cited. We do not conceive that exemption under (6) above is to be denied merely because some incidental element enters into the operation, wh⌐n the predominant purposes are charitable. Neither do we believe that (6) above was intended to apply only to " purely public " charities. Certainly the exemption is not so restricted by the language used. We do not think that the mere restriction of the beneficiaries of an otherwise charitable corporation to a designated group or class is sufficient ground upon which to deny exempt classification. See *John R. Sibley et al., Executors,* 16 B. T. A. 915; *Duffy* v. *Pitney,* 2 Fed. (2d) 230; see, also, Cooley on Taxation, vol. II, § 739.

The respondent argues that exemption statutes should be construed strictly in favor of the sovereign, which is undoubtedly true as general rule of law. There is, however, at least one exception to the strict-construction rule. As stated by the court in *Union & New Haven Trust Co.* v. *Eaton,* 20 Fed. (2d) 419, 421:

The rule of strict construction is in the interest of public policy, and when a higher public policy dictates a more liberal attitude, an exception will be found. Bequests for public purposes operate in aid of good government; they perform by private means what ultimately would have to be done at public expense. In such cases, exemption from taxation is not a matter of grace or favor; it is rather an act of public justice. The reason for the rule of narrow scrutiny does not apply to such cases.

Cf. *Adams County* v. *Catholic Diocese of Natchez* (Miss.), 71 So. 17; *State ex rel. Waller* v. *Trustees of William Jewell College* (Mo.), 136 S. W. 397; *Commonwealth* v. *Lynchburg Y. W. C. A.* (Va.), 80 S. E. 589; *State* v. *Fisk University* (Tenn.), 10 S. W. 284; *Indianapolis* v. *Grand Master etc. of Grand Lodge of Indiana* (Ind.), 44 Atl. 974.

Whether a corporation is charitable in character depends upon its purpose. *Union Pacific Ry. Co.* v. *Artist,* 60 Fed. 365. If its principal purpose is to give of its material substance or time to benefit those who are in need of such assistance, or will be benefited by such gift or expenditure, then it is charitable. Fletcher Cyc. of Corp., § 100. A corporation engaged in training and furnishing parsons for charitable work has been held exempt from taxation as a charitable institution. *Sisters of Charity* v. *Township of Chatham* (N. J.), 20 Atl. 292. An institution need not be one for the relief of the sick or indigent in order to be a " charity." *Gerke* v. *Purcell,* 25 Ohio St. 229. An institution is exempt as charitable although the charity dispensed is limited to members and their families. *Indianapolis* v. *Grand Master, supra.* And the fact that a so-called

compulsory assessment is made upon beneficiaries or members does not alter the charitable character. In *Union Pacific Ry. Co.* v. *Artist, supra*, the court said:

\* \* \* Tried by this test, the hospitals and medical department of this company are a great public charity. They are supported by the voluntary contributions of this great corporation and of its employes, without the purpose to profit thereby. We say by their "voluntary contributions" not unadvisedly. We have not failed to notice that the defendant in error testified that the contribution of 25 cents a month made by each employe was a compulsory assessment, and that the company took it out of the pay of such employe. But how it could be compulsory does not appear. If it was a part of the pay of the employe, the company could not lawfully take it out without his consent. If he did not consent, then he did not contribute, and the company still owes him the amount of this assessment. If he did consent, he voluntarily contributed the amount of his assessment. \* \* \*

In *Duffy* v. *Pitney, supra*, the Circuit Court of Appeals held that a Grand Army Post was organized and operated exclusively for charitable purposes. In its opinion the court said:

\* \* \* We are of the opinion that primarily at least the character of a corporation is determined by its charter. *In re Rockefeller*, 177 App. Div. 786, 790, 165 N. Y. S. 154.

See also *United States* v. *Cambridge Loan & Building Co.*, 278 U. S. 55.

The petitioner was created by a special act of the Legislature of New York, which provides " Such corporation is not established and shall not be maintained or conducted for pecuniary profit and shall have the status of a religious, educational or benevolent corporation." It has no capital stock and is not operated for profit. None of its trustees, officers, members or employees receive any pecuniary profit from its operation. Its function of providing for the old age of Y. M. C. A. secretaries partakes of a charitable character. And it makes no difference whether the petitioner's status is determined by the test urged by the Government in the *Pitney* case, i. e., " what it actually does," or by that which the court makes the primary test, for its operation has conformed to its charter in all respects.

We think the petitioner is entitled to exempt classification. Of its principal fund $4,000,000 was contributed by the public and $1,700,000 by associates of the Y. M. C. A. which are themselves exempt from taxation. The income from these two foundations, together with the regular contributions made by associations on behalf of their employees and by such employees on their own account, is sufficient to provide the retirement annuities. The situation thus presented is that of a corporation whose purpose is to provide for the old age of the employees of a charitable organization, the funds for which are contributed largely by the public and

by the charitable organization whose employees are to be benefited. The act of creation provides that there shall be no pecuniary profit derived by any of the officers, members, or employees and that there shall be no capital stock and no shareholders. Public policy dictates that such a corporation should be exempt from taxation and we think Congress has so provided in section 231 above. It seems clear to us, after reading the above quoted subsections of 231, at least in their cumulative effect, that Congress did not intend to omit such an organization as this petitioner from exempt classification. Such a construction would result in an unreasonable discrimination. In *Morgan* v. *Nauts* (U. S. D. C. N. D. Ohio, Apr. 19, 1928), the court stated:

   \* \* \* Any other construction of the Act would condemn it as permitting by nice use of language a discrimination against an institution as devoted to the public welfare and as well entitled to exemption as any of those coming more precisely within the terms of the statute. The narrow construction contended therefor by the government the court cannot concede. \* \* \*

The facts of the instant case are readily distinguishable from those involved in *Philadelphia & Reading Relief Association*, 4 B. T. A. 713; *Employees Benevolent Association of American Steel Foundries*, 14 B. T. A. 1168; and *Pontiac Employees Mutual Benefit Association*, 15 B. T. A. 74. In the instant case the principal income of petitioner is from interest on the investment of a fund contributed by the public and by the Y. M. C. A. and from contributions by associations of the Y. M. C. A. In the cases cited the principal income of the association seeking exemption was derived from a fixed regular compulsory contribution from its members. In those cases the association undertook to pay its members certain definite sums in the event of sickness, accident or death in exchange for definite contributions paid by its members at regular recurring periods. In the instant case the beneficiary secretaries paid in fixed regular contributions, but the annuity received represented to a large extent the donations of the public and of the Y. M. C. A., while only a relatively small portion was purchased by the payments of the secretaries. In the cases cited no aid was furnished from generosity or liberality, while in the instant case $5,700,000 was furnished from generosity or liberality, in addition to which many associations of the Y. M. C. A. made regular contributions on behalf of their secretaries.

The petitioner should be granted exempt classification under the provisions of section 231 of the Revenue Act of 1926. Cf. *John R. Sibley et al., Executors, supra.*

Reviewed by the Board.

                        *Decision will be entered for the petitioner.*

Smith, Sternhagen, and Trammell concur in the result only.

Murdock, dissenting: I dissent from the prevailing opinion which points, and can point, to no certain provision of the Revenue Act for its authority, but which ostensibly finds authority for holding that the petitioner is exempt from tax in the " cumulative effect " of five subsections of section 231. In my opinion the effect of the whole is to exempt nothing that is not exempt by one or more of the parts.

The facts do not disclose the extent to which the petitioner was operated for the mutual benefit and protection of certain Y. M. C. A. employees who made their own contributions on their own behalf so that they might secure mutual benefits and protection. Such men would probably resent the inference that they were in any way the objects of charity. It can not properly be said that the petitioner was operated exclusively for the purposes enumerated in subsections (6), (8) or (13) of section 231. In subsection (3) Congress specifically provided for the exemption of *fraternal beneficiary* organizations *operating under the lodge system.* The inference is that such similar beneficiary organizations not fraternal and not operating under the lodge system were not intended to have the exempt status. I can not agree with many of the statements made in the prevailing opinion which purport to be correct statements of law.

*Henry J. Richardson, Esq.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.