282 P.2d 333

MARRINER W. MERRILL FAMILY FOUNDATION, Inc., Plaintiff,

v.

The STATE TAX COMMISSION of Utah, Defendant.

No. 8192.

Supreme Court of Utah.

April 8, 1955.

Elias L. Day, Salt Lake City, for appellant.

C. Preston Allen, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

The State Tax Commission found that the Marriner W. Merrill Family Foundation, Inc., was not exempted from the payment of franchise tax by U.C.A.1953, 59–13–4(4) as a corporation organized and operated exclusively for charitable or educational purposes and assessed the minimum franchise tax of ten dollars against the corporation. Certiorari brings the question before us for review.

The purpose of the Foundation, as set forth in the Affidavit of Incorporation, is as follows:

"* * * for the purpose of receiving by gift, devise, bequest, or otherwise, money or credits, and other items of real and personal property, and to invest and reinvest the same and to apply the income therefrom, together with so much of the principal thereof as may be deemed necessary and advisable *for loaning or otherwise advancing money and property,* on such terms as the Board of Directors may determine, *to any and all descendants and husbands or wives of such descendants of Marriner W. Merrill,* whether or not such person is a member of said corporation, *for the educational uses* in any school, college, university, or special training institutions, in any part of the world and without in any way limiting or restricting the general purposes hereinbefore stated, to aid and assist financially or otherwise in the training of any member of the family, whether the same be a direct descendant or by marriage, in the acquiring of scholastic training and educational advancement in religious, literary, scientific, artistic, professional, vocational or similar branches of learning, conditioned only upon the control of the assets of said Corporation for the.

aforesaid uses thereof by the Directors of said Corporation; * * *." (Emphasis added.)

Total contributions to the corporation by interested members at this date amount to $1,625.00 and two loans have been made to students for educational purposes; viz., one to the granddaughter of a sister of Marriner W. Merrill's wife and one to a great-grandson of Marriner W. Merrill.

A number of points were discussed in the briefs submitted on this case which need not here be considered under the views of all of the cases which we have examined as to the effect of restricting the beneficiaries to relatives as objects of charitable or educational donations. Plaintiff on this point relies chiefly on the cases of Amy Hutchison Crellin v. Commissioner, 46 B.T.A. 1152, and Emerit E. Baker, Inc., v. Commissioner, 40 B.T.A. 555. In the Crellin case, the trust was held to be non-charitable, though it had for a secondary purpose financial aid for the education of young members of the First Methodist Church of Pasadena, because its primary purpose was to render financial aid to named grandnephews and grandnieces of Amy Hutchison Crellin. The Baker case represents the other side of the coin and the charitable purpose of the trust was held not to be vitiated by incidental purposes of providing annuity payments to the widow and educational payments to the relatives.

In the present case there is but one purpose—the education of the descendants of Marriner W. Merrill. However, plaintiff argues that because the benefits will be available to ever-increasing numbers of potential students and because they may be granted to persons not related to Marriner W. Merrill by blood, i. e., the husbands or wives of his descendants, that the restriction on beneficiaries does not control the purpose of the institution. Plaintiff likens the restriction to the preference expressed in the Baker case, supra, "preferably for the children of employees of Kewanee Boiler Company"; to a purpose to grant pensions to Gimbel Brothers, Inc. employees, Gimbel v. Commissioner of Internal Revenue, 3 Cir., 54 F.2d 780; or to a limitation of benefits to superannuated or disabled secretaries of the Y.M.C.A. (Y.M.C.A. Retirement Fund, Inc., v. Commissioner of Internal Revenue, 18 B.T.A. 139). However, it appears to us that the philosophy of these cases is not governed by a strict adherence to some rule regarding the number of beneficiaries or their ascertainability, but rather by what appears from the facts of each case to be the compelling desire behind the creation of the trust. As was said in Society of Cincinnati v. Exeter, 92 N.H. 348, 31 A.2d 52, 57:

"From the standpoint of the public interest, it is true that the indefinite beneficiaries of a public charity may be within a limited class or group, with the result that they have been held to become entitled to rights because they are members of the public. But a section of the public so segre-

gated and so specialized that benefits to its members are essentially private in nature seems public only by strained reasoning. The public interest, though confined to few numbers ought not only to be an interest of a public nature, but it also ought to be a matter of public concern because of an actual public benefit."

This case held that groups formed by close ties of blood or association are not properly to be regarded as beneficiaries of a "public charity" within the scope of the tax exemption statute when the benefits of the trust are limited to them.

Finally, a case squarely in point is In re Beekman's Estate, 232 N.Y. 365, 134 N.E. 183, 186, where the corporation involved was organized for the purpose of offering assistance for the education or relief to the descendants of William Beekman, who resided in New Amsterdam in 1647. The court recognized the fact that during the intervening years since his death, his surviving descendants may have become exceedingly numerous, but stated:

"* * * however this may be, the purpose of confining the benefits of this large estate to members of one family or one family tree indicates that it is not a public charity, but a private and rather personal purpose, which permeates the whole."

Further the court recognized the fact that if a discretion is left with the directors of the corporation to make a selection of beneficiaries it could conceivably result, and as a practical matter probably would result, in the selection of near relatives as beneficiaries.

Under the views of all of these cases, and we have not been cited to one holding otherwise, the Marriner W. Merrill Family Foundation, Inc., is not a tax-exempt corporation since its purpose is to insure educational advantages to family members, thus serving a private interest.

The holding of the Tax Commission is affirmed. No costs awarded.

CROCKETT, HENRIOD, WADE, and WORTHEN, JJ., concur.