PATTERSON, Chief Justice, for the Court:
Herman G. Banks appeals from an order of the Circuit Court of Leflore County which affirmed an order of the Civil Service Commission of the City of Greenwood, modifying Banks’ dismissal. In lieu of dismissal, Banks was given: (1) a 90 day suspension without pay; (2) demotion in rank from Captain to Sergeant; (3) three years’ probation with automatic dismissal from service for the violation of any of the rules and regulations of the City of Greenwood Fire Department, the personnel rules and regulations of the City of Greenwood, or the Civil Service rules and regulations of the City of Greenwood; and (4) required to submit a written letter of apology to Mayor Louis E. Fancher, Jr., Commissioner E. M. Ambrose, and Fire Chief Jimmy Lord.
From this decision, Banks appeals, assigning as error the court erred in affirming the Civil Service Commission’s modification because as a matter of law the decision is legally invalid and is in excess of the disciplinary action permitted under MCA § 21— 31-23 (1972).
The City of Greenwood and the Civil Service Commission cross-appeal, assigning as error the lower court erred in its failure to grant the motion to quash the writ of cer-tiorari.
It is not necessary to detail the events culminating in Captain Herman Banks’ dismissal from the Greenwood Fire Department since they are not dispositive of this appeal. The primary issue on Banks’ appeal is the construction of the following language found in MCA § 21-31-23 (1972) as follows:
The commission upon such investigation may, in lieu of affirming the removal, suspension, demotion or discharge, modify the order of removal, suspension, demotion or discharge by directing a suspension, without pay, for a given period and subsequent restoration of duty, or by directing a demotion in classification, grade, or pay. The findings of the commission shall be certified, in writing to the appointing power, and shall be forthwith enforced by such officer. [Emphasis added].
Banks contends § 21-31-23 should be construed to mean the Civil Service Commission can modify the disciplinary action of an employee by suspension or demotion, but not both. We are of the opinion the word “or” in § 21-31-23 should be construed as disjunctive rather than conjunctive. Therefore, the Civil Service Commission would have the statutory power to modify a dismissal to a demotion or suspension, but not both.
We are of the opinion this is the proper construction for several reasons. First, a perusal of the forerunners of § 21-31-23 reveals the same language used; thus, prior legislative enactments of this statute do not indicate “or” should be construed as “and.” Secondly, since there is no legislative intent which we can glean to the contrary, the word “or” must be accepted in its popular disjunctive form as meaning “an alternative between different or unlike *1040 things, states, or actions.” Webster’s Third New International Dictionary 1585 (1961). We stated in Mississippi Power Co. v. Jones, 369 So.2d 1381, 1388 (Miss.1979), the following rule of statutory construction:
Popular words in statutes must be accepted in their popular sense and the Court must attempt to glean from the statutes the legislative intent. Dennis v. Travelers Insurance Co., 234 So.2d 624 (Miss.1970); Mississippi State Tax Commission v. Hinton, 218 So.2d 740 (Miss.1969). Where the language used by the legislature in a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion to resort to rules of statutory interpretation. Forman v. Carter, 269 So.2d 865 (Miss.1972); State v. Heard, 246 Miss. 774, 151 So.2d 417 (1963).
Present application of this rule brings us to the conclusion that the legislative intent was to use “or” in the disjunctive.
Finally, we note the Civil Service Commission’s powers are only such as are granted by the legislature and “where a statute enumerates the powers given, it must be held that it names all the powers dealt with therein, and that there is nothing implied.” Tepper Bros. v. Buttross, 178 Miss. 659, 664, 174 So. 556 (1937); see also 15A Am.Jur.2d, Civil Service § 10 (1976). Thus we conclude that “or” if construed in the conjunctive would grant a greater power than expressly given by statute to the Civil Service Commission. Therefore, we are of the opinion the Civil Service Commission had the power to modify Banks’ dismissal either by demotion or suspension, but not both; and we reverse and remand for proper modification in accordance with § 21-31-23.
We now consider the appellee’s cross-appeal concerning the motion to quash the writ of certiorari which it is contended should have been granted. A writ of certio-rari is granted to determine questions of law on the face of the record and proceedings. Here the Civil Service Commission’s quasi-judicial modification presented a question of law upon the construction to be given § 21-31 — 23. The circuit court may review the decision of an inferior tribunal acting in a judicial or quasi-judicial capacity on a writ of certiorari provided it is confined to questions of law. Glover v. City Council of Columbus, 132 Miss. 776, 96 So. 521 (1923); Board of Supervisors of Forrest County v. Melton, 123 Miss. 615, 86 So. 369 (1920); MCA §§ 11-51-93, 11-51-95 (1972). Therefore, we affirm the circuit court’s denial of appellee’s motion to quash the writ of certiorari.
REVERSED AND REMANDED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL.
SMITH, P. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.