# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00917-SCT

*THEONIA (TED) DUNN*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF HEALTH*
*AND TOMMIE LEE DUNN*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/96 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JIM WARREN, III |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SANFORD RIDLEY HORTON, JR. |
| | H. HUNTER TWIFORD, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case was appealed from a decision in the Hinds County Chancery Court granting a judgment on the pleadings to Appellee Tommie Lee Dunn. After this appeal was filed, the appellee filed a motion asserting that the appellant 's standing to pursue the present appeal was negated by the final adjudication of related litigation in Tunica County. We conclude that the appellant lacked standing to continue this appeal, and in any event the issues he raises are without merit.

### I.

¶2. The present appeal is before the Court from a judgment on the pleadings granted by the Chancery Court of the First Judicial District of Hinds County, Mississippi. The genesis of this litigation in Hinds County, and that of a related proceeding in Tunica County, is an offer by a casino company to purchase certain land which comprised part of the estate of Walter and Lizzie Dunn. The Tunica County lawsuit was filed on December 22, 1995, and was aimed at a determination of the heirs at law of Walter and Lizzie. The question of the identity of Tommie Lee Dunn as one of these heirs was an issue in the Tunica County litigation.

¶3. Tommie Lee Dunn, through his half-brother James Cooper, requested a copy of his birth certificate because he wished to use it in the Tunica County litigation to help prove his status as an heir of Walter and Lizzie. The Mississippi State Department of Health (Health Department) was unable to locate a birth certificate in his name, although one existed for a female named Fannie Lee Dunn. This birth certificate recorded the birth of a child to Jimmie Dunn and Martha Dunn, Tommie Lee's parents, on April 13, 1932, his birthday, in Robinsonville, Mississippi, his place of birth. Tommie Lee inquired about the procedures to have the first name and sex corrected. In accordance with these procedures, Tommie Lee provided the Health Department with a copy of school records corroborating his mother's name, as well as his date and place of birth. He also provided an affidavit form signed by himself and James Cooper. The Health Department thereafter issued a corrected birth certificate in the name of Tommie Lee Dunn, a male.

¶4. Appellant Theonia (Ted) Dunn, a citizen of Illinois, was one of the plaintiffs in the Tunica County litigation. He initiated the present action on May 1, 1996, by filing a Complaint for Declaratory Judgment and Injunctive Relief in the Hinds County Chancery Court against the Health Department and Tommie Lee.[1] Ted asserts that the Health Department's correction of the first name and sex on Tommie Lee's birth certificate violates Miss. Code Ann. § 41-57-21 (1993), since he claims the statute allows for correction of only one of these items of information. After Ted challenged the corrected birth certificate, Tommie Lee provided the Health Department with four additional sworn affidavits--three from older first cousins and one from his half-brother. Based on these additional affidavits, the Health Department re-issued a corrected birth certificate on May 28, 1996.

¶5. On June 18, 1996, in the Hinds County litigation, Tommie Lee filed a Motion for Judgment on the Pleadings, pursuant to Miss. R. Civ. P. 12(c). In his motion, Tommie Lee raised the issue of whether Ted, as a non-resident of Mississippi, had standing to contest the issuance of an amended birth certificate to a third party by the Health Department. He argued that Ted's pleadings assert no injury nor any facts giving the plaintiff any interest in the issuance of the corrected birth certificate, nor any right as a taxpayer and citizen of Mississippi to raise issues involving the Health Department's interpretation or exercise of discretion under Mississippi law.

¶6. On June 27, 1996, Ted filed his Response. In a sworn affidavit attached to this response, Ted stated that the reason he filed the Hinds County lawsuit was to protect his rights in the Tunica County litigation "as they may be affected by the creation of a birth certificate in the name of Tommie Lee Dunn." On July 22, 1996, the chancellor in the Hinds County litigation granted Tommie Lee's motion for judgment on the pleadings. The chancellor did not address the issue of standing, but decided the case on the ground that the correction of the birth certificate was within the statutory discretion of the Health Department. On August 20, 1996, Ted filed his Notice of Appeal in the present action.

¶7. On September 25, 1996, the chancellor in the Tunica County litigation found by clear and convincing evidence that Tommie Lee Dunn, as the son of Jimmie Dunn, was an heir at law to Walter and Lizzie Dunn. Thus, he was entitled to inherit an undivided fractional interest in the subject property. In his Memorandum Opinion, the chancellor further stated that the court was able to reach that conclusion without considering the birth certificates:

Even had the Hinds County Chancery Court ruled differently, or if an Appellate Court rules that

the corrected birth certificate was inadmissable, the Court nonetheless finds and determines that Tommie Lee Dunn is Jimmie Dunn's child. As to Tommie Lee's paternity, the proof is overwhelming, and meets the clear and convincing standard.

¶8. On January 23, 1997, Tommie Lee filed his Motion to Include Additional Findings of Fact and Evidence During Course of Appeal and Memorandum Brief in support thereof. Tommie Lee asserts that Ted's failure to appeal the Tunica County judgment "negated or dissolved" Ted's standing to contest the Health Department's correction of Tommie Lee's birth certificate "insomuch as any colorable interest that the Appellant might have had concerning the correction of [the] birth certificate was rendered moot." Accordingly, he urges this Court to dismiss the appeal with prejudice and assess the Appellant with all costs of the proceeding. Ted filed a Response to Tommie Lee's motion on January 31, 1997. He makes no specific reply to the standing and mootness arguments but nevertheless requests that the motion be dismissed and judgment rendered in his favor.

## II.

¶9. Appellee Tommie Lee Dunn asserts that Ted Dunn's failure to appeal the Tunica County judgment negates Ted's standing to contest the Health Department's correction of Tommie Lee's birth certificate. Mississippi's standing requirements are quite liberal. *Fordice v. Bryan,* 651 So.2d 998, 1003 (Miss.1995); *Van Slyke v. Board of Trustees of State Institutions of Higher Learning,* 613 So.2d 872, 875-76 (Miss.1993).[(2)] Parties have standing to "sue or intervene when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law." *Fordice,* 651 So. 2d at 1003 (quoting *State ex rel. Moore v. Molpus,* 578 So. 2d 624, 632 (Miss. 1991)). *See also [Mississippi Gaming Comm'n v. Board of Educ.,](#)* 691 So. 2d 452, 460-61 (Miss. 1997); *Harrison County v. City of Gulfport,* 557 So. 2d 780, 782 (Miss. 1990); *Dye v. State ex. rel. Hale,* 507 So. 2d 332, 338 (Miss. 1987).

¶10. Before the Tunica County litigation was final, Ted arguably had a colorable interest in keeping Tommie Lee from acquiring a birth certificate. "Any copy of the records of birth, sickness or death, when properly certified to by the state registrar of vital statistics, to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated." Miss. Code Ann. § 41-57-9 (1993). Thus, if Ted had successfully prevented Tommie Lee from acquiring his birth certificate, and Tommie Lee had put forth no other evidence in the Tunica County litigation to prove his paternity, then the lack of a birth certificate could conceivably have prevented Tommie Lee from establishing a prima facie case that he was the son of Jimmie Dunn. In such a case, Ted would have prevailed against Tommie Lee on the issue of Tommie Lee's paternity.

¶11. In heirship proceedings, however, the chancellor considers not only documentary evidence, but also the testimony of witnesses and the strong presumption that a child born in wedlock is a legitimate child. *See, e.g., Foster v. Foster,* 344 So. 2d 460, 461-62 (Miss. 1977). In the Tunica County lawsuit, the chancellor heard from numerous individuals who had personal knowledge that Tommie Lee was the son of Jimmie Dunn. Among these were Tommie Lee's older half-brother, James Cooper; his older first cousins, Connie Dunn Stevenson, Katie Mae Dunn Lewis, and Alberta Dunn Washington, two of whom were living in the same house with Tommie Lee's parents at the time of his birth; Earnestine Dunn Cooper; James Lee Dunn; W.C. Dunn; and Robert Lee Dunn.

Some of these individuals specifically remembered the day Tommie Lee was born, and testified that no child named Fannie Lee Dunn was ever born to Jimmie and Martha Dunn, Tommie Lee's parents. Other witnesses remembered playing with Tommie Lee as children. The chancellor also noted that Tommie Lee was born fourteen months after his parents' ceremonial marriage, so the presumption of legitimacy applies to Tommie Lee.

¶12. The chancellor in the Tunica County litigation correctly found that the birth certificate was not a critical factor in determining that Tommie Lee was an heir at law of Walter and Lizzie Dunn. Ted's only colorable interest in preventing Tommie Lee from acquiring the birth certificate was, by his own admission, related to his interest in refuting Tommie Lee's heirship in the Tunica County litigation. Because that interest has been adjudicated, and Ted has failed to appeal the court's judgment, his only conceivable basis for standing in the present action has been negated.

### III.

¶13. Even if Ted continued to have standing, his claims have no merit. This Court views summary judgments and judgments on the pleadings as "interchangeable." *Kountouris v. Varvaris,* 476 So. 2d 599, 602 n.3 (Miss. 1985). "In determining whether the trial court properly granted a motion for summary judgment this Court conducts a de novo review of the record."*Rolison v. City of Meridian,* 691 So.2d 440, 443 (Miss. 1997); *Daniels v. GNB, Inc.,*629 So.2d 595, 599 (Miss.1993); *Owen v. Pringle,* 621 So. 2d 668, 670 (Miss. 1993). While the Court has not directly stated that it conducts a *de novo* review of judgments on the pleadings, it appears that this has always been treated as the proper standard. *See, e.g., Burns v. Burns,* 518 So. 2d 1205 (Miss. 1988).

¶14. Ted first argues that Miss. Code Ann. § 41-57-21 (1993) does not allow the Health Department to correct both the first name and the gender on a birth certificate. He asserts that before the Health Department can make both corrections, a person seeking the changes must institute proceedings in chancery court under Miss. Code Ann. § 41-57-23 (Supp. 1997). Ted bases his argument solely on the language of § 41-57-21, which provides:

> Where there has been a bona fide effort to register a birth and the certificate thereof on file with the office of vital records does not divulge all of the information required by said certificate, or such certificate contains an incorrect first name, middle name, or sex, then the state registrar of vital records may, in his discretion, correct such certificate upon affidavit of at least two (2) reputable persons having personal knowledge of the facts in relation thereto. All other alterations shall be made as provided in section 41-57-23. Anyone giving false information in such affidavit shall be subject to the penalties of perjury.

Miss. Code Ann. § 41-57-21 (1993).

¶15. Since the statute uses the conjunctive "or" in the list of items which the state registrar of vital records may correct, Ted argues that the Health Department does not have the discretion to change more than one of these items of information. Ted cites *Banks v. City of Greenwood,* 404 So. 2d 1038, 1039-40 (Miss. 1981) for the rule of statutory interpretation that "or" may not be read as "and" unless there is a legislative indication to the contrary.

¶16. While *Banks* indeed states that "or" should not generally be read as "and," it has long been

established that courts may change these terms as necessary to effectuate the intention of the legislature and to accomplish the purpose or object of the statute. *See, e.g., **Union Ins. Co. v. United States,*** 73 U.S. 759, 764 (1867); ***Adams County v. Catholic Diocese of Natchez,*** 110 Miss. 890, 898, 71 So. 17, 20 (1916); ***Duncan v. Wiseman Baking Co.,*** 357 S.W.2d 694, 698 (Ky. 1961); ***Sale v. Johnson,*** 129 S.E.2d 465, 469 (N.C. 1963). Here, we find that the legislature intended to grant the Health Department discretion to correct any combination of errors among the items listed in Miss. Code Ann. § 41-57-21.

¶17. The legislative scheme clearly envisions two qualitatively different categories of errors on birth certificates. First, there are the minor deficiencies listed in § 41-57-21. Second, there are the more serious deficiencies, such as errors concerning a person's date of birth, surname or birthplace, which are listed in § 41-57-23 and which must be corrected by filing a proceeding in chancery court. Nothing in § 41-57-23 can be read to require that combinations of the minor deficiencies listed in § 41-57-21 should be treated as more serious errors requiring the expensive and timely mechanism of a chancery court proceeding. While such proceedings may be necessary in some cases, § 41-57-21 expressly grants the state registrar discretion to determine these on a case-by-case basis.

¶18. Moreover, we have held that courts should pay "deference to the construction utilized by administering agencies" when determining the proper administration of a statute. ***Williams v. Puckett,*** 624 So. 2d 496, 497 (Miss. 1993). In ***Gill v. Mississippi Dept. of Wildlife Conservation,*** 574 So. 2d 586 (Miss. 1990), this Court expounded upon that deference:

> We have today a matter of statutory interpretation, committed initially to an agency within the executive department of the government, here the State Personnel Board and its alter ego, the Employees Appeal Board. Notwithstanding our ordinarily *de novo* review of questions of law, we have accepted an obligation of deference to agency interpretation and practice in areas of administration by law committed to their responsibility. This duty of deference derives from our realization that the everyday experience of the administrative agency gives it familiarity with the particularities and nuances of the problems committed to its care which no court can hope to replicate.

*Id.* at 593 (citations omitted).

¶19. Because it appears the legislature intended to grant the Health Department the authority to change any and all minor deficiencies on a person's birth certificate, and out of deference to that agency's expertise in administering the statute, we conclude that the Health Department was within its discretion to correct both the name and the gender on Tommie Lee's birth certificate. As the chancellor noted, any other construction of the statute would lead to the "possibility of increased, and unnecessary, litigation in Chancery Court."

¶20. Ted argues in the alternative that even if the Health Department is authorized to correct both the name and the gender on a person's birth certificate, the affidavits submitted by Tommie Lee were not sufficient under the statute because they were not based upon personal knowledge.

¶21. This claim has no merit. After the Hinds County suit was filed, Tommie Lee submitted four additional affidavits. Three of these affidavits were from first cousins of Tommie Lee and one was from his older half-brother. All of these affidavits evinced relevant and "personal knowledge of the

facts in relation" to the circumstances of Tommie Lee's birth, as required by the statute. Miss. Code Ann. § 41-57-21 (1993).

¶22. It is worth noting that Ted's argument here borders on the frivolous. He asserts that the affiants lack personal knowledge because "none of the affiants claim personal knowledge that the birth certificate is incorrect." In support of this "argument," the appellant emphasizes that each affiant "is careful to state that he or she 'has been informed that said birth certificate . . . is in error.'"

¶23. The fact that the affiants did not actually see the incorrect birth certificate is of no importance to whether they have relevant personal knowledge of the factual circumstances surrounding Tommie Lee's birth. This argument--as Appellee Tommie Lee suggests--is "ludicrous."

## IV.

¶24. For the foregoing reasons, we affirm the judgment of the chancery court.

¶25. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Tommie Lee Dunn passed away on July 19, 1997. James Cooper, his personal representative, was substituted as a party in the present appeal pursuant to Miss. R. App. P. 43(a).

2. "Under article III, § 2 of the United States Constitution, the federal courts limit review to actual 'cases and controversies.' Such restrictive language is not found in the Mississippi Constitution. 'Therefore, we have been more permissive in granting standing to parties who seek review of governmental actions.'" *Fordice,* 651 So. 2d at 1003 (quoting *Van Slyke v. Board of Trustees,* 613 So. 2d at 875 (Miss. 1993)).